UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Larry James Tyler, ) C/A No.: 9:17-501-MGL-BM
)
        Petitioner, )
)
vs. ) REPORT AND RECOMMENDATION
)
~~Toney Chavis~~, Director of the Darlington )
County Detention Center )
)
        Respondent. )

The pro se Petitioner, Larry James Tyler, a detainee at the Darlington County Detention Center, files this Petition pursuant to 28 U.S.C. § 2254. He appears to be awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. Petitioner files this action in forma pauperis under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9



1

(1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner states that he is challenging his February 27, 2013 eight-year sentence for his convictions on the charges of disseminating harmful material to a minor, sexual exploitation of a minor, contributing to the delinquency of a minor, and criminal solicitation. Petition, ECF No. 1 at 1.[1] His asserted grounds for relief appear to be ineffective assistance of counsel, illegal preliminary hearing, and a Brady[2] rule violation.[3] Id. at 6, 7, 10.[4] It is noted that in December 2016,

---

[1]It is unclear whether Petitioner is still "in custody" as to these sentences.

[2]Brady v. Maryland, 373 U.S. 83, 83 (1963)

[3]Petitioner did not submit "page 6" of the standard § 2254 petition form (AO 241).

[4]It is noted that in December 2016, Petitioner filed another § 2254 action in this court, Civil Action Number 9:16-3945-MGL, in which he appears to assert some of the same grounds and some different grounds for relief. A Report and Recommendation for summary dismissal of that Petition has been entered. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [A federal court may take judicial notice of the contents of its own records.].



2

Petitioner filed another § 2254 action in this court, Civil Action Number 9:16-3945-MGL, in which he appears to assert some of the same grounds and some different grounds for relief.

Records from Darlington County indicate that Plaintiff was convicted on February 27, 2013 (jury trial) on the charges of criminal solicitation of a minor, sexual exploitation of a minor (second degree), and disseminating harmful material or exhibiting harmful performance to minors, and was sentenced to eight years imprisonment as to each conviction (concurrent sentences). See Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/ PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600603& CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16 &CourtAgency=16001&Casenum=2013GS1600604&CaseType=C; http://publicindex.sccourts.org/ Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS 1600606&CaseType=C (last visited April 6, 2017).[5] Plaintiff was also sentenced to three years concurrent on a separate conviction of contributing to the delinquency of a minor. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency= 16001&Casenum=2013GS1600605&CaseType=C (last visited April 6, 2017).

Petitioner filed a direct appeal of his sentences, and the South Carolina Court of Appeals affirmed in January 2015 (remittitur February 5, 2015). ECF No. 1 at 2; see also State v. Tyler, No. 2015-UP-025, 2015 WL 164228 (S.C.Ct. App. Jan. 14, 2015)[affirming conviction for

---

[5]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869, at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687-88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



3

contributing to the delinquency of a minor]. On January 2, 2015, Petitioner filed a motion for post-conviction relief (PCR) in the Court of Commons Pleas for Darlington County, which was dismissed on November 2, 2016. ECF No. 1 at 3-4. Although Petitioner admits that he has filed an appeal of the dismissal of his PCR action which is pending, he asserts that "since the violation was a substantive due process, I am entitled to bring my civil rights violation to the federal court no matter what remedies the state provides."[6] ECF No. 1 at 12, 14. Records from Darlington County show that a notice of appeal was filed in Petitioner's PCR case on November 23, 2016, but there is no indication that the pending appeal has been ruled upon. See http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16002&Casenum=2015CP160001 6&CaseType=V&HKey=79110665110349108110891076985851147649871011167786549854 471055797987611250761088485114856810767109107 (last visited April 6, 2017).

As such, the § 2254 Petition filed in this case should be dismissed because Petitioner has not fully exhausted his state court remedies. With respect to his February 27, 2013 Darlington County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and, possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b), (c);[7] Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)

---

[6]Petitioner has cited no authority to support a theory that he does not have to exhaust his state remedies before bringing a § 2254 petition in this court.

[7]The exhaustion requirement of Section 2254 provides:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

          (A) the applicant has exhausted the remedies available in the courts

(continued...)



4

[exhaustion also required under 28 U.S.C. § 2241]. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden).

The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted). This doctrine requires that, before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court with appellate jurisdiction to consideration the claim. See

---

[7](...continued)
        of the State; or
    (B)   (i) there is an absence of available State corrective process; or
          (ii) circumstances exist that render such process ineffective to
          protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254(b), (c).



5

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) [state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition]; Picard v. Connor, 404 U.S. 270, 276 (1971); see also Longworth v. Ozmint, 377 F.3d 437, 447-448 (4th Cir. 2004). Here, although Petitioner has filed a direct appeal and an application for PCR, the denial of his PCR case is still pending appellate review. Therefore, Petitioner must complete the state appellate review of his PCR denial before he can be said to have exhausted his available state court remedies. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977). Review of a PCR denial is sought in state appellate courts by way of a petition for writ of certiorari as provided under Rule 243 of the South Carolina Appellate Court Rules ("SCACR") and S.C. Code § 17-27-100. Further, such review must be sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

Therefore, because it is clear that Petitioner has a viable state court remedy (appellate review of his PCR) which is currently pending, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ["When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."].



6

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 10, 2017
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

