

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:17-00501-MGL |
| | § | |
| DIRECTOR OF THE DARLINGTON | § | |
| COUNTY DETENTION CENTER, | § | |
| Respondent. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING THE PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Petition be summarily dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 10, 2017, and the Clerk of Court entered Petitioner's objections to the Report on April 20, 2017. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In light of the standards set forth above, the Court has reviewed, de novo, the Report and Petitioner's objections. Nowhere in Petitioner's objections does he meaningfully counter the core legal determination of the Magistrate Judge that Petitioner has failed to exhaust his available state court remedies as required to bring a § 2254 petition. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). Petitioner states "if the people who denied you a proper hearing were the same people who had the ability and authority to give you a hearing, a post-deprivation remedy does not satisfy due process." ECF No. 12 at 2. Petitioner misses the mark, however, as the law in this area is clear: Petitioner must exhaust his available state court remedies before bringing a § 2254 petition in this Court. *See* § 2254(b)-(c). Consequently, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court the Petition is **SUMMARILY DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of April, 2017, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.